1832.

Utica Ins.
Company
v.
Power.

</div>

---

## The Utica Insurance Company *vs.* Power.

It is no objection to the set off of one judgment against another, on motion, that the party making the application has the adverse party in execution on his judgment.

If a debtor is arrested upon a ca. sa. and then is discharged from imprisonment, with the consent of the plaintiff, the judgment upon which the ca. sa. issued is extinguished as a liquidated demand, and cannot be set off on motion against another judgment.

Where the solicitor in a suit is entitled to the costs awarded against the adverse party, the latter has an equitable claim to have such costs off set or applied upon a judgment in his favor, against the solicitor.

The assignee of a bill of costs due to a solicitor, takes the same subject to an equitable right of set off which existed against the solicitor at the time of the assignment.

If after the filing of a creditor's bill upon the return of an execution at law unsatisfied, the debtor assigns his choses in action, the assignee will take them, subject to the equitable lien of the complainant.

THE complainants being judgment creditors of the defendant, filed a bill in this court to reach his property, which could not be levied on by execution at law.   The defendant having put in his answer, by his solicitor, Lynch, denying the existence of property, the complainants suffered the bill to

<div style="text-align:right">May 28.</div>

be dismissed, with costs. The costs of the defendant were afterwards taxed at $53,30. The complainants thereupon presented a petition stating these facts, and also that they were judgment creditors of Lynch, the solicitor, and had filed a bill against him in this court, to reach his property, and they asked to have the defendant's costs set off against the judgment they had against Power, or that they be applied towards the payment of their judgment against Lynch. By the affidavits in opposition to this application it appeared that the defendant had recently been arrested on a capias ad satisfaciendum upon the judgment against him, and that the complainants had either discharged him from the execution, or had assigned their judgment to some other person. It also appeared that Lynch had assigned his right to the costs previous to notice of this application, to secure an antecedent debt due to J. Porter, the register of this court, for fees.

*M. Hoffman,* for the complainants.

*J. Rhoades,* for the defendant.

THE CHANCELLOR. If the defendant has been taken in execution and discharged by the consent of the complainants, their judgment is extinguished and can no longer be considered as a liquidated demand and the subject of an off set. And if the judgment has been assigned by them to a third person, their right of set off is gone. In the case of *Taylor* v. *Waters,* a short note of which is contained in Chitty's cases of practice, (2 *Chit. R.* 303,) but is more fully reported by Maule and Selwin, (5 *Maule & Sel. R.* 103,) it was decided by the court of king's bench that a defendant could not, in a suit brought against him, set off a judgment against the plaintiff, upon which the latter was charged in execution. The same principle was recognized by our supreme court in the case of *M'Guinty* v. *Herrick,* (5 *Wendell's R.* 243 ;) but it was there held, that if the defendant in the execution escaped, the adverse party would be restored to his right of set off. By examining those cases, however, it will be found that the question which there arose was as to the right of the defendant to plead or give in evidence the judgment as a set off, while he was holding the adverse party

CASES IN CHANCERY.

267

1832.

Utica Ins.
Company
v.
Power.

in execution on such judgment. The case is different where the party applies to the equitable powers of the court to off set one judgment against another ; and where the court may order the party in execution to be discharged therefrom, or may direct satisfaction to be entered on the judgment, to the extent of the demand which is sought to be extinguished by the set off. (See *Simpson* v. *Hawley,* 1 *Maule & Sel. Rep.* 696. *Peacock* v. *Jeffrey,* 1 *Taunt. Rep.* 426.) The simple fact of the arrest of Power upon the execution would not therefore be sufficient to prevent the set off as between him and the complainants, considering the costs as belonging to him, if they had not discharged him, or assigned their demand. The costs however in this case belonged to Lynch, the solicitor ; and according to the decision of this court in *Dunkin* v. *Vandenbergh,* (1 *Paige's Rep.* 622,) they could not be set off to the prejudice of his claim.

Considering them the costs of Lynch, the solicitor, his assignee can have no greater equity to recover these costs as against the complainants than Lynch himself had at the time of the assignment. For the purpose of deciding the equities between these parties, I must therefore consider Lynch as having been the owner or assignee of this decree for costs against the complainants, and that they at the same time held judgments against him to a much larger amount. Under such circumstances they had an equitable claim to have one debt set off against the other. And the Register, who took the assignment of the decree without any new consideration being paid, and merely in payment or security for a debt due from Lynch, took it subject to that equity. It appears also from the petition of the complainants that they have issued executions on their judgments against Lynch, which executions have been returned unsatisfied. They have also filed their bill against him in this court to reach his equitable interests and choses in action which could not be levied on by execution at law. If that suit was commenced, as I think it must have been, before the assignment to the Register, the complainants had acquired a specific lien on this demand as the property of Lynch ; and they are entitled to hold it for the satisfaction of their judgment, as against the assignee, independent of

the question of set off. After the creation of a lis pendens here by the filing of such a bill, the subsequent assignee of the defendant's choses in action, who does not obtain the legal title by virtue of the assignment, even as a bona fide purchaser without notice, cannot be permitted to retain them against the complainant's prior equity.

The decree for costs in this case must be discharged, and satisfaction is to be entered thereon, upon the complainants' entering satisfaction for the same amount on their judgments against Lynch.