## LORETTA SMITH v. JOHN T. KNAPP.

A defendant may be legally arrested on a *ca. sa.* issued after judgment in a cause in which an order of arrest has been obtained and an arrest made before judgment, and which order has not been vacated before the arrest on the *ca. sa.*

But where the order of arrest was obtained upon one only of five causes of action stated in the complaint, the first, and the judgment was not finally recovered on that, but upon the fifth cause of action, for which the defendant was not liable to arrest, under the provisions of the code of procedure; and the defendant having been arrested on a *ca. sa.* issued after judgment, and imprisoned thereon; *Held* that his remedy was to move to be discharged from imprisonment, and that, not having done so, his imprisonment was regular.

A delay of more than three months in issuing a *ca. sa.*, where the defendant, at the time of rendering a judgment against him, is in custody upon process issued in the cause, will entitle him to a supersedeas.

The defendant's remedy, in such a case, is to apply to a judge for a supersedeas on the ground that he was not charged in execution within the time limited by statute, or by motion to the court. If he does neither, the imprisonment will be regular, and the sheriff liable on the escape of the prisoner, either as bail or in action for the escape.

The plaintiff has an election which of these remedies he will adopt, and that election is manifested by the complaint.

If he proceeds against the sheriff as bail, he must set forth the proceedings to and including the escape, and allege that the defendant is bail, and the complaint must demand the appropriate judgment. If he elects to prosecute for an escape, the complaint will contain the same matters, but all allegations as to the character of the defendant as bail should be omitted, as wholly irrelevant to the cause of action for the escape.

If the complaint makes no mention of the defendant as bail, and there is nothing in it manifesting an intention or election to hold him liable in that character, it is to be treated as an action for an escape, and the limitation of one year for bringing an action prescribed by § 94 of the code of procedure, applies.

If, in an action for an escape, it is shown that the debtor was totally insolvent, the plaintiff is not entitled to recover of the sheriff the whole amount of the judgment.

It is competent for a defendant, after the entry of judgment, to move to set aside the order of arrest, upon showing to the court that the judgment was reversed on a cause of action for which he was not liable to arrest, and hence that he cannot be legally imprisoned on a *ca. sa.* issued on such judgment. But if he suffers the order of arrest to remain in force, it must be held to be regular, for the purposes of an action for an escape from imprisonment on the *ca. sa.*

THIS action was brought ·by the plaintiff against the defendant as late sheriff of Cayuga county, for the escape of one James R. Reynolds, who had been arrested by said defendant by virtue of an order of arrest, duly issued, in a suit brought by the plaintiff against said Reynolds. The facts are substantially as follows, viz: In February, 1854, the plaintiff commenced an action against the above named James R. Reynolds, in the complaint in which were set forth five separate causes of action. The first was for money fraudulently applied to the use of said Reynolds, while acting as the plaintiff's agent. The second was for money lent and advanced. The third for money had and received. The fourth for money paid, laid out and expended, and the fifth on a promissory note made by the said Reynolds to the plaintiff, for the sum of $670.

The plaintiff upon affidavit, procured an order for the arrest of said Reynolds, and he was arrested by·the defend-· ant, then being sheriff of Cayuga, on the 25th February, 1854, and the said Reynolds· was for want of bail confined in the jail of said county.

Said Reynolds on the 10th day of October, 1854, pursuant to notice duly served, made a motion at a special term of the supreme court, held at the court house at Batavia, in the county of Genesee, to set aside said order of arrest upon affidavits. The motion was denied in November, 1854, but the order denying it was entered as of the 10th October.

In May, 1854, the said Reynolds put in an answer to the plaintiff's complaint, denying the first, second, third and fourth causes of action therein, and to the fifth cause of action, he alleged, by way of defense, that the note therein described, was given as a mere memorandum, and not as an absolute obligation. 2d. That the action was barred as to it by the statute of limitations, and 3d, a set-off of $250.

On the 17th October, 1854, said Reynolds, by his attorneys, served on the plaintiff's attorney, an offer of judgment for the amount due on the note described in the

complaint, and the offer was accepted on the same day. On the 20th day of the same month, judgment was duly docketed pursuant to the said offer, for the amount therein named, and costs.

On the 14th November, 1854, an execution was issued and delivered to the defendant upon the said judgment, commanding him to collect of the property of the defendant Reynolds, the sum of $1,019.39, with interest from the date of the docketing of said judgment, that being the amount of said judgment.

On the 13th December, 1854, the said defendant filed the execution with his return thereon endorsed, that said Reynolds had no goods or chattels, lands or tenements in his bailiwick whereof he could cause to be made the amount of said judgment, or any part thereof.

On the 6th December, 1856, an execution against the body of said Reynolds was issued and delivered to the defendant, still being sheriff of said county of Cayuga. On the 28th March, 1857, the defendant filed the said execution in the proper office with a return thereon, subscribed by him as late sheriff of Cayuga county, in which he certified and returned to said process that said Reynolds had been arrested by him under a judge's order at the commencement of the action, and kept in close custody until after judgment in October, 1854, and after execution against his property was received and returned by him in 1854; that he then wrote to the plaintiff's attorney for an execution against the body of the defendant, if he was going to send one at all; but never receiving an answer, he kept said Reynolds until on or about the 1st May, 1855, up to which time no execution was received against him; and about that time Reynolds, claiming that he was wrongfully imprisoned, escaped, and was then (the date of the return), after diligent search and inquiry, not to be found in the county of Cayuga. It was also conceded that said Reynolds was insolvent.

The foregoing facts being undisputed on the trial, the

court ordered a verdict for the plaintiff for the amount due on the judgment against Reynolds, with interest, subject to the opinion of the court at general term sitting in the eighth district. The cause was there brought to argument, and judgment was ordered for the defendant, with costs; and it was from that judgment that the plaintiff appealed to this court. The case was argued by

Mr. *Cox*, for respondent.

And points were submitted by

*G. D. Lamont*, on behalf of appellants.

MULLIN, J.. This court decided, in *Corwin* v. *Freeland* (2 Seld. 560), that a defendant was legally arrested on a ca. sa. issued after judgment in a cause in which an order of arrest had been obtained and an arrest made before judgment, and which order had not been vacated before the arrest on the ca. sa. The action, in that case, was on contract, and the ground of the arrest was fraudulently contracting the debt.

In the case now before us, the action was on contract, and the ground of arrest was the embezzlement of the plaintiff's money by Reynolds, while acting as agent for him. An order of arrest was procured, and Reynolds was arrested by virtue thereof, and such order has not been vacated, but was in full force when the ca. sa. was issued to the defendant. There is no distinction between the cases, and we must hold that the ca. sa. was regularly issued, and Reynolds liable to arrest thereon, unless there is some other fact in this case, not found in the case of *Corwin* v. *Freeland*.

The first ground relied on to distinguish the cases is that in this case the order of arrest was obtained upon one only of five causes of action stated in the complaint, and the judgment was not finally recovered on that but upon

the fifth cause of action, for which Reynolds was not liable to arrest under the provisions of the code of procedure.

It is quite obvious that if a party can be arrested on an order obtained upon an affidavit stating a cause of action for which an arrest may be made, and be imprisoned on a *ca. sa.* issued on a judgment recovered for a cause of action for which an order of arrest could not lawfully issue, the liberty of the citizen may be taken from him under the forms of law, and yet in defiance of the provisions of the statute enacted to protect and secure it. Such a practice, if sanctioned, offers a premium for perjury and fraud. The reckless and unprincipled man can, at any time, procure the arrest and imprisonment of a citizen if he has against him a demand of fifty dollars, arising on contract.

While this would seem to be the result of the doctrine of the case of *Corwin* v. *Freeland,* yet I apprehend it is no more chargeable with the result, than is any other legal proposition chargeable with unfortunate consequences which parties might by reasonable diligence have foreseen and avoided. Within the case of *Corwin* v. *Freeland,* the defendant may be arrested on a *ca. sa.* when he was arrested on an order of arrest, although he may not be liable to arrest, or the order ever so irregularly obtained, if he will not move to set it aside before judgment. If he is guilty of laches in making his motion, and is arrested on a *ca. sa.,* he ought not to complain of the case which settles the rule of practice. But the hardship is, that in this case a motion was made and denied, and hence it is insisted that the defendant has done all that he could legally do to protect himself, and yet his imprisonment has been continued after judgment recovered for a cause of action for which he has not been, and could not be arrested.

This misfortune is the result of his own laches, as I will proceed to show.

The defendant's counsel bases his argument upon the

position that under the case of Corwin v. Freeland, no opportunity is given to a defendant arrested on an order of arrest to contest the legality of his imprisonment on a ca. sa.; that his sole remedy is a motion before judgment to set aside the order of arrest. In this, I think, he is mistaken. He carries the doctrine of Corwin v. Freeland beyond the facts of the case, and further than I apprehend it was the intention of the court to go. In that case, no motion had been made to set aside the order of arrest, nor to set aside the ca. sa.; hence the only question for the court to decide was, whether the order of arrest remaining in force, the defendant could be legally arrested on a ca. sa.. The court held he could; and this was only giving effect to section 288 of the code, which provides that no execution against the body shall issue, unless an order of arrest has been served, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section 179.

In the case cited, the ground of arrest was not alleged in the complaint, and hence the right to arrest on the ca. sa. depended on the preliminary arrest on an order of arrest. The case decides nothing as to the course to be pursued in order to get rid of an arrest on a ca. sa.; nor does the code make any provision for such a case. The only section of the code that applies to it is section 204, and it declares that the defendant arrested may at any time before judgment apply on motion to vacate the order of arrest, or to reduce the amount of bail. It is the order of arrest the defendant may move to vacate. Whether he can move to set aside the ca. sa. is another and different question.

That the defendant may do so when it is issued in violation of the statute, or not in conformity to its provisions, there can be no doubt; but the question is, has the court power to set aside a ca. sa. because the party was not liable to arrest, or because a case was not made which justified the issuing of that process, or the proceedings to obtain the order were irregular?

The former practice affords us but very little light on these questions, although the proceedings to arrest on the capias are substantially the same as those to arrest on an order under the code, and the proceedings to arrest on the *ca. sa.* are very similar to those prescribed by the code to arrest on execution against the body, yet the questions that arise in this case could not have arisen under the former practice; at least not under that practice as it stood prior to the passage of the non-imprisonment act. That statute opened the way to the difficulties, which, it is alleged, the codifiers have failed to protect parties against.

We are left, therefore, to settle the practice in view of the consequences which experience has shown have resulted, and are likely to result, from the provisions of the code and the adjudications upon them.

It will not do to hold that a party may sue for two or more causes of action, for one of which only the defendant may be imprisoned, voluntarily take judgment for the one for which the defendant may not be imprisoned, and yet be entitled to imprison the defendant on an execution on the judgment. Such a result is a fraud on the law, and can be reached only by restraining the courts from exercising an equitable supervision over their process, and over the officers appointed to execute them.

When an order of arrest is procured, the defendant has an opportunity of contesting the facts on which the order of arrest was issued, but he may be beaten on his motion, and the plaintiff finally recover for a cause of action not only different from that on which the order was obtained, but one for which the party could not, under any circumstances, be arrested. Is the defendant in such case foreclosed? Must he be consigned to jail because the plaintiff has been corrupt or reckless? It seems to me that such can not be the law. There is no statute authorizing any such practice, nor do the provisions of the code, fairly construed, lead to any such result.

Section 179 of the code provides that a defendant may

be arrested in five specified cases. The first three are in *actions* of tort according to the former division of actions. The last two are when the action is not one of tort, but the defendant has been guilty of fraud in contracting the debt or incurring the obligation for which the action is brought; or in concealing or disposing of the property for the taking, detention or conversion of which the action is brought; or where the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors.

When the action is for either of the causes of action enumerated in the first three subdivisions of § 179, the facts that authorize the arrest must be stated · in the complaint, and when a judgment is rendered in favor of the plaintiff the right to imprison the defendant on an execution is conclusively established. But where the action is for any other cause of action, the facts cannot properly be stated in the complaint, and reference must be had to the affidavit made to procure the order of arrest, in order to ascertain whether the case is one in which the defendant may be arrested on a *ca. sa.*

If the complaint contains one or more of the causes of action, enumerated in the first three subdivisions of section 179, and one or more for which the defendant cannot by law be arrested, the plaintiff is not entitled to an order of arrest, or to imprison the defendant on a *ca. sa.* on the judgment; because the action is not one in which the defendant might have been imprisoned as provided in section 179 and section 181, as required by section 288. By the term *action*, the codifiers intended all the causes of action stated in the complaint, not part of them. In *Brown* v. *Treat* (1 Hill, 225), the defendants were discharged from arrest on a *ca. sa.* in an action, the declaration in which contained counts in assumpsit and case, on the ground that by the joinder of causes of action for which a party might be arrested with others for which he could not be arrested, the right to imprison for either was gone. Judge COWEN

put his decision on a different ground, but Judge BRONSON
in *Suydam* v. *Smith* (7 Hill, 182), considers the ground
taken by Justice COWEN as not tenable. He nevertheless
approves the decision, putting it on the ground I have sug-
gested, which is doubtless the true one. (*Miller* v. *Scherder*,
2 Comst. 262.) If an order of arrest is obtained on an
affidavit setting forth a single cause of action, and the
complaint contains others for which the party cannot be
arrested, the order is irregular, and should be set aside on
motion, or the plaintiff required to amend his complaint by
striking out all the causes of action, except that on which
the order of arrest was obtained.

If a motion to set aside the order is not made before
judgment, the defendant may be imprisoned on a *ca. sa.*
issued on a judgment. But if the judgment is recovered
for a cause of action for which the defendant is not liable
to arrest, he may then move to set aside the *ca. sa.*, or to
be discharged from imprisonment on that ground; because
it was manifestly the intention of the codifiers to authorize
the arrest and imprisonment of a defendant on a *ca. sa.*,
only when the judgment is for a cause of action for which
he might have been arrested. It is not necessary that this
liability should appear in the record; it is enough that an
order of arrest was procured; as the granting of the order
is considered an adjudication that the case is one in which
the defendant might be arrested. Such I understand to
be the views of Justice HOGEBOOM, in *Humphrey* v. *Brown*.
(17 How. Pr. 481.) In *Pope* v. *Newcomb*, the general
term of the fifth district decided that a defendant might
move after judgment to be discharged from arrest on a *ca.
sa.*, on the ground that the affidavit on which the order of
arrest was granted was fatally defective. The motion had
been made before Justice ALLEN and denied, and the case
came before the general term on appeal from his order.
The court were of opinion that the case of *Corwin* v. *Free-
land* did not reach the question. That it was the right of
the defendant to apply to be relieved from imprisonment

on a *ca. sa.*, although he may have applied to set aside the order of arrest and his motion had been·denied; that the requirement of the code, that the motion be made before judgment, applied only to the motion to set aside the order of arrest, and that it was the right of a defendant to contest the right to imprison him on a *ca. sa.*, whatever might have been the merits of the application to set aside the order of arrest. That every court of general jurisdiction had power, unless restrained by some positive statute, to regulate and control its process and officers so as to promote the ends of justice, and to protect the liberty of the citizen.

In this case, there had not only been an order of arrest in full force at the time the *ca. sa.* was issued—which of itself justified the imprisonment on the *ca. sa.*—but the complaint brought the case within the 3d subdivision of section 179 of the code. The first cause of action being for money embezzled by the defendant as the plaintiff's agent, furnishing thereby an additional ground on which to justify his imprisonment.

The remedy of Reynolds was to move to discharge him from imprisonment after judgment, and not having done so, his imprisonment was regular.

The delay of the judge to issue a *ca. sa.* entitled the defendant to a supersedeas. (3 R. S. 5th ed. 870, § 38.) That section provides that when any defendant, at the time judgment shall be rendered against him in any court of record, shall be in the custody of a sheriff or other officer, upon process in the suit in which judgment shall have been rendered, the plaintiff shall charge such defendant in execution therein within three months after the last day of the next term following that in which the judgment shall have been obtained. The next section provides that if the plaintiff is not so charged, he is entitled to a supersedeas, to be allowed by a judge of the court in which the judgment was rendered. If these provisions are in force (as to which there may be some doubt, in view of section 283 of the

code, which gives to the party in whose favor the judgment is entered four years from the entry of such judgment within which to issue executions, as provided in the 9th title, of which said section 283 is a part), the defendant's remedy was to apply to a judge for a supersedeas, on the ground that he was not charged within the time limited, or by motion to the court. Having done neither, the imprisonment was regular.

If I am right in holding that if the imprisonment was irregular, it was the duty of the defendant Reynolds to get rid of it by motion, and that not doing so, the arrest and detention were valid, it follows that the defendant became liable on the escape of the prisoner, either as bail or in an action for the escape. The order of the court held Reynolds until he was charged on the *ca. sa.,* and the imprisonment being lawful, the sheriff became liable for an escape.

Section 201 of the code provides that if a defendant escape after being arrested on an order, the sheriff shall himself be liable as bail. The common law gave an action against the sheriff for an escape, and the existence of such an action is recognized by § 94, which limits the time for bringing such an action to one year.

The plaintiff has an election which of these remedies he will adopt, and that election is manifested by the complaint. If he proceeds against the sheriff as bail, he must set forth the proceedings to and including the escape, and allege that the defendant is bail; and it must demand the appropriate judgment. If he elects to prosecute for an escape, the complaint will contain the same matters, but all allegations as to the character of the defendant as bail would be omitted, as wholly irrelevant to the cause of action for the escape.

The complaint in this case makes no mention of the defendant as bail; there is not a word in it manifesting an intention or election to hold him liable in that character. I am of the opinion, therefore, that it is to be treated as an

action for an escape, and that the limitation prescribed by
section 94 for bringing the action, to one year applies.
The only evidence as to the time of the escape is contained
in the return of the sheriff to the *ca. sa.*, and by it the
escape occurred on or about the 1st May, 1855, and the
action was not commenced until the 19th November, 1857.
I am, therefore, of the opinion that the action was barred.

It being shown that Reynolds was totally insolvent, the
plaintiff was not entitled to recover the whole amount of
the judgment against Reynolds. In actions for escape from
imprisonment on mesne process, it was always competent
to give in evidence the circumstances of the debtor, in
order to limit the recovery to what the plaintiff had actually
lost. (Graham's Practice, 419, and cases cited; *Russell* v.
*Turner*, 7 J. R. 189.)

We cannot say how much the plaintiff was entitled to
recover, but we can say that on the evidence it was impos-
sible that the plaintiff could have lost, by reason of the
escape, his whole debt.

I have omitted to allude to the proposition in the
respondents points, that the plaintiff, by accepting the
offer of judgment on the note, ceded away his right to
have the action considered as an action of tort, and there-
fore he was not liable to imprisonment.

Up to the recovery of judgment he was held on the
order of arrest, which must be now treated as regular. It
was so held to be on motion, after hearing the parties.
If it became void or irregular, it was by reason of the entry
of the judgment on the note instead of on the count for
embezzlement. But the statute does not make the right
to continue the imprisonment after judgment and before
the *ca. sa.* issues depend on the judgment. It rests exclu-
sively on the order, and that, I suspect, must be held to be
regular for the purposes of this case. It would have been
competent for the defendant to have moved after the entry
of judgment to set aside the order of arrest, showing to
the court that the judgment was recovered on a cause of

action for which he could not have been arrested; and hence that he could not be legally imprisoned on a *ca. sa.* on such judgment. The court would have granted the motion. But the misfortune is that Reynolds suffered the order of arrest to remain in force—thus legalizing his imprisonment—and took his remedy by means of an escape instead of by motion. He, and not the law, is to blame for the consequences of his mistake.

I am in favor of affirming the judgment of the general term, on the ground that the action is barred by the statute of limitations. But, if my brethren shall differ with me on this point, I am then in favor of reversing the judgment and ordering a new trial on the ground that the measure of damages was erroneous.

DAVIES, J., read an opinion in favor of reversal and judgment on the verdict. All the other judges being for affirmance, judgment affirmed.