Brady, J.
The question presented on this motion was passed upon in Corwin v. Freeland (2 Seld., 560), and that case is referred to and approved in Smith v. Knapp (30 N. Y., 581). If an order of arrest be obtained before judgment, an execution against the person which is predicated on such order may be issued, although the action, eo nomine, be one in which the defendant may not be arrested. The arrest of a defendant is a provisional remedy, and the facts authorizing it may be shown dehors the complaint. In an action to recover for money lent or goods sold, &c., the amount of the claim, and therefore of the recovery, is dependent upon the sum loaned, or the price of the goods sold; but the right to an order of arrest may depend upon the manner in which the loan or the goods were obtained; if accomplished by fraud, then the order may be demanded. If the defendant has removed, or is about ro remove, or has secreted his property with intent to defraud his creditors, he may also be arrested. Neither of these' elements necessarily form a part of the plaintiff’s case. He may recover the debt alleged, by proving it to exist, and nothing more. The right to arrest may be regarded as a punitory enlargement of the remedy against the defendant, - the effect of which may be advantageous to the plaintiff. As the right to arrest does not rest, therefore, - upon the form of the action, the judgment record may not show any right to issue an execution against the person, and in such a case the plaintiff may resort to evidence aliunde to justify the issuing of such a process. For these reasons the objection taken must be overruled.