SUPREME COURT.

James Short agt, William Barry.

An *order of arrest* may be issued in an *equitable action.*

If an action is commenced in equity for the recovery of money, and an *accounting* is required in order to arrive at the amount due, and it is established by affidavit that the defendant intends to remove, or dispose of, his property, with intent to defraud his creditors, an *order of arrest* may issue. The form of the action does not affect the right of arrest.

*Fourth Judicial Department.*

*General term at Buffalo, first Monday of June,* 1870.

*Present,* Hon. Joseph Mullin, *Presiding justice,* Hon. Thomas A. Johnson, *and* Hon. John L. Talcott, *Associate justices.*

This is an appeal from an order made at special term, in Jefferson county, by Mr. Justice Mullin, denying a motion to set aside an order of arrest in this action. The report of the referee shows the facts and the case fully; which is as follows:

To the supreme court.—I, Robert Lansing, sole referee in this action, do respectfully report that I have been attended by the counsel for the respective parties, and have heard their proofs and allegations, and after having heard the same do find the following facts:

1. That on the 12th day of March, 1868, the plaintiff and defendant became partners in the grocery business, at Carthage, in the county of Jefferson, under the firm and style of Barry & Short, and such firm continued until 7th December, 1868.

2. That on the 7th day of December the said copartnership was dissolved by mutual consent.

3. That at the time of said dissolution the plaintiff sold his interest in the stock of goods of said firm to the defendant without specifying the time for the payment therefor.

4. That an inventory of said stock of goods was made out by and under the direction of the said parties, and the same amounted in value, together with freight paid on the same, to two thousand five hundred and thirty-seven dollars and seventy cents ($2,537 70).

5. That the said stock of goods was left in possession of the defendant, who continued in the business and had, subsequently to said sale and dissolution, the sole control and disposition of the same and the plaintiff retired from the business.

6. That at the time of the dissolution there was a large amount of debts due the said firm, and among others there was due from Comstock & Bros. to said firm the sum of one thousand four hundred and twenty-seven dollars and eighty-five cents ($1,427 85), and at the same time said firm owed considerable money, which said $1,427 85 was to be used and was used by defendant in payment of debts of said firm.

7. At the time of the dissolution of said firm, it was understood and agreed between the said parties, that the notes, accounts and other indebtedness to said firm, should be left with the defendant, and he should collect the same, and should pay the debts due by said firm and that the said notes, and accounts, and books of said firm were left in the store of, and with the said defendant, for that purpose.

8. That the said defendant did proceed to collect and did collect a large amount on said notes and accounts due the said firm, after such dissolution, and has since then paid a large amount on the debts and liabilities of said firm.

9. That at the time of the dissolution of said firm, it was agreed that the defendant should pay all the debts due by said firm, and also the indebtedness of the plaintiff to one Mrs. McCormick.

10. That on the 27th of December, 1869, the plaintiff, upon application, procured an order of arrest in this action of the defendant from Hon. J. MULLIN; that said order was served on the defendant, and is now in full force.

Under the above facts, I find the law to be that the interest of said plaintiff in said stock of goods, as above was to be paid for immediately, by the said defendant, and that an account should be taken between the parties of the business of the said firm.

And I do further report, that I proceeded to take such account, and on such accounting I find the following facts in addition to the above facts:

11. That this action was commenced July 9, 1869.

12. That prior to the commencement of this action, the defendant did not offer or refuse to settle with or account to the plaintiff.

13. That prior to the commencement of this suit, the defendant had paid all the debts and liabilities of said firm, amounting to twenty-nine hundred and fifty-four dollars and one cent, ($2,954.01.)

14. That prior to that time, he had also paid to Mrs McCormick, at the request of said plaintiff, the sum of six hundred and thirty-eight dollars, due by said plaintiff to said Mrs. McCormick.

15. That there was due by the plaintiff at the time of the dissolution, to the firm of Barry & Short, the sum of seventy-three dollars and seventy-four cents, and that the said plaintiff at the time of the commencement of this suit, was indebted to the said defendant individually in the sum seventy-three dollars and fifty-three cents, which last mentioned indebtedness accrued since the dissolution.

16. That there was due from the firm of Barry & Short on his account individually with said firm at the time of said dissolution, ninety-three dollars and seventy-two cents, and including a similar account subsequent to such dissolution.

17. That the said defendant had collected on the debts and accounts due the said firm, exclusive of the indebtedness due from Comstock Bros. prior to the commencement of this action, the sum of two thousand four hundred and eighteen dollars and thirty-eight cents, ($2,418.38.)

18. That the said defendant subsequent to the commencement of this action, had collected on the said debts and accounts due the firm, seven hundred and seventy-nine dolars and five cents.

19. That the amount collected as aforesaid, by the defendant since the dissolution of said firm, up to the time of making the report, is the sum of three thousand two hundred and ninety-seven dollars and fifty-three cents.

20. That in some cases the defendant settled some of said accounts by taking a note therefor, payable to himself in which said notes were included debts due the firm, and debts due the defendant individually, some of which notes are still unpaid.

21. That the services of the son of plaintiff for said firm, was to be set off against the rent of the store occupied by the firm, which store belonged to defendant individually.

22. That the defendant has paid the debts due from said firm, being all of said debts amounting to two thousand nine hundred and fifty-four dollars and one cent, ($2,954.01.)

23. That in accounting the defendant should be charged as follows:

Amt. of goods and freight aforesaid $2,537 70
Amt. received from Comstock Bros.     1,427 85
Amt. received by deft. collected on
    debts and accounts due the firm
    since the dissolution of firm to the
    date of this report, and should be
    credited on such accounting....    3,297 43   $7,262 98
By payment of debts as above found.........        2,954 01

            Leaving due firm............   $4,308 97

| | | |
|---|---:|---:|
| That one half of above $4,308 97 is due from defendant to plaintiff...................... | | 2,154 48 |
| On which he is entitled to credit of one half amount found due as above from plaintiff to firm, whole amount, $73 74................ | 36 87 | |
| Amt. due by plaintiff to defendant, since dissolution individually.... | $73 53 | |
| One half amount above found due to defendant individually by said firm, whole amount so found due $93 72....................... | 46 86 | |
| Amt. paid by defendant, at request of plaintiff, to Mrs. McCormick due her by plaintiff............ | 638 00 | 795 26 |
| Due plaintiff................. | | $1,359 22 |

25. That there is still uncollected quite an amount of the debts and accounts due the firm, the precise amount I did not and could not ascertain.

I find the law to be on the above facts that the plaintiff is entitled to recover against the said defendant the above-mentioned sum of one thousand three hundred and fifty-nine dollars and twenty-two cents ($1,359 22), with interest on the same, amounting to the sum of ($95 13), in all amounting to one thousand four hundred and fifty-four dollars and thirty-five cents ($1,454 35). I, therefore, order judgment to be entered in favor of the plaintiff against the defendant for one thousand four hundred and fifty-four dollars and thirty-five cents, with costs of this action.

All which is respectfully submitted.

Dated March 31, 1870.          R. LANSING, *referee.*

D. O'BRIEN, *counsel for defendant and appellant.*

1. Said order of arrest was improperly granted.

2. The action is an equitable action for an accounting between partners, in which an order of arrest cannot be granted.

3. Upon the moving papers the order should be vacated, or for such other or further relief as the court may see proper to grant, with costs.

N. WHITING, *counsel for plaintiff and respondent.*

This is an appeal from an order made at the special term in Jefferson county, by Justice MULLIN, denying the motion to set aside an order of arrest in this action.

Appeals of this kind ought not to be encouraged. In the case of *Moers* agt. *Morrow*, (17 *How.*, 280,) the general term, DAVIES, Justice, delivering the opinion used this language at page 283: " We do not think appeals of this kind ought to be encouraged, the order of arrest is a provisional remedy not affecting the merits of the case, and when the party is on bail, he cannot be seriously prejudiced by its remaining in force until the final termination of the action." (29 *Barb.*, 361 ; 8 *Abb.*, 257.)

There can be no claim in this case that the defendant will be injured by enforcing the order—the papers upon which the order was granted, show that the defendant had disposed of all his real and personal estate and was about to go to California, and the papers to oppose the motion to set aside the order show he has gone to Califonia, where he now is; that before he left he secured his bail, and all the papers show he sold his property, and left with the intent of cheating and defrauding his creditors so that a clear case was made out against the defendant of intent to cheat and defraud creditors. This authorized the order of arrest granted in this case. Section 179, subd. 5, reads as follows : " When the defendant has removed or disposed of his property or is about to do so with intent to defraud his creditors." This is the language of the Code, and it applies to any and

all actions whether they be what has heretofore been denominated legal or equitable actions; the order is to be granted at any time, when a case is made out coming within the provisions of § 179. (*See opinion of Justice* MULLIN, *in this case hereto annexed and marked* A.)

Neither the defendant nor his bail can be harmed by this order; the appeal papers show defendant has left the jurisdiction of this court, and his bail are secured so they cannot be harmed; but if this order of arrest is set aside, the plaintiff must lose his judgment, defendant has gone and with him all his property, and the courts have aided him in cheating and defrauding his creditors if they set aside this order, and such an administration of the law would be a disgrace to any American court—there are no merits in this appeal.

But the defendant says the order of arrest must be set aside, because the referee went into an accounting between the parties, and therefore, the recovery is upon a different cause of action from that named in the complaint, and he cited, *Smith* agt. *Knapp*, (30 *N. Y.*, 581,) and as the opinion of the court of appeals in that case was delivered by Justice MULLIN, who also denied the motion in this case, it may be presumed he understood how far it was intended to go in that case, and I again refer to his opinion in this case hereto annexed, and marked (A.) upon that point.

The complaint in this action is at law for the amount due the plaintiff on a sale of the company's property to defendant; alleges the sale, promise to pay, &c.; the answer admits the dissolution and purchase of the goods, but denies the purchase of the accounts, which does not change the nature of the action.

Section 181 of the Code authorizes the order when it shall appear to the judge by the affidavit of the plaintiff, or of any other person that a sufficient cause of action exists and that the *case* (not the cause of action) is one of those mentioned in § 179; now it was shown to the judge, that

the plaintiff had a cause of action against the defendant, and that defendant had disposed of his property, and was about to leave the state with the intent to defraud his creditors. This is all that the Code requires, it does not require it to be an action at law, or authorize a motion to set aside the order when granted; if the answer or report of the referee show it to be an action in equity, and it cannot make any difference to this order what answer is put in, or whether any is put in or what the report is, or whether any is ever made or not, the court are not required or ever permitted to look into the answer to see whether that makes it an action in equity or not; all that is required is to have a cause of action, and a case coming within some one of the provisions of section 179.

But, is this recovery on a cause of action different from the one made in the complaint, so as to come within the case of *Smith* agt. *Knapp*? certainly not, the right to arrest in this case, it will be borne in mind, does not arise out of the cause of action; that has nothing to do with the case; the right of arrest arose long after the cause of action, and has no connection with it, and in this it is unlike the case of *Smith* agt. *Knapp*. In that case there were five counts and plaintiff recovered on one of them. In this case there is only one and the plaintiff has recovered. So there can be no question about what he has recovered on, as he has recovered on his complaint, which is for money and that alone. The whole difficulty has grown out of the referee's report; had the referee found as he did that the goods, and Comstock Brother's account alone were sold to defendant, and there fore, plaintiff could only recover for these or his half thereof, then the defendant could not have any benefit from his cuonter-claim, for money paid out on company debts, and plaintiff's judgment would have been about $3,000; this counter-claim could not be made available to defendant in this action, for the reason, an account must be taken between the parties to see whether he had paid more than his

share or not, (19 *Barb.*, 196; 4 *Coms.*, 486, *and cases there cited.*) The referee finding the plaintiff must have judgment as before stated, and that the defendant could not have the benefit of his payments, sees fit to go into an accounting upon the one question, to wit, to see whether the defendant had collected as much as he had paid out or not, and if not to give him the benefit of what he has paid out, more than he has received; this he does and finds he has, and gives him the benefit of such payments, leaving a large amount of company debts not collected, not disposed of in this action; and now the defendant turns round and says that because the referee did this for his own benefit, the plaintiff must lose the benefit of the order of arrest; it is well settled that it will not defeat an action at law brought by one partner against another, because it turns out that some matters are unadjusted. (23 *Barb.*, 184; 16 *Wend.*, 601.)

An agreement between partners on dissolution that one shall have the settlement of the accounts and continue the business and pay the debts, and pay the outgoing partner his interest within a certain time, creates a separate interest in the remaining partner and is an assignment of the property, (5 *Cow.*, 489,) and it is not an assignment in trust, he may sue in his own name, and must pay the outgoing partner his claim, (8 *How.*, 502,) and when they dissolve the law will imply a promise to pay, (2 *Parsons on Contracts*, 139, *note a.* 140; 15 *Mass.* 116; 26 *Vermont*, 754; 11 *Pick.* 82; 16 *Wend.* 607; 6 *N. H.*, 547.)

This motion ought not to have been heard; the same motion had been heard before the trial and after solemn argument denied, and nothing new is shown, and this motion is made on the same state of facts, nothing of any importance is shown on this last motion that was not shown on the other motion. In *Mills* agt. *Thursby*, (11 *How.* 114,) Judge ROOSEVELT held, that when a motion has been made and fully heard and denied, it cannot again be heard

upon substantialy the same state of facts.    In *Patterson* agt. *Bacon*, (21 *How.*, 478,) Judge INGRAHAM held, "that a motion cannot be renewed where all the additional matter sought to be set up, were known to the party when the original motion was made," In *Taaks* agt. *Schmidt*, (19 *How.* 413,) Judge LEONARD held, that when attachment has been vacated after argument, another motion for an attchment on the same state of facts will not be heard ; it was in the discretion of the judge at least, and ought not to be granted when it will work an injury to the other party or upon the same state of facts.    (5 *Hill*, 493 *and note* (A.) *p.* 494 *and cases there cited*; 1 *Barb.* 72 ; 8 *How.* 113.)

The injury in this case is apparent, the plaintiff must lose his debt if the order is set aside ; the defendant has left this state and is out of the jurisdiction of this court.    In 1 *Barb.* 72, Judge EDMONDS says, " leave to renew a motion will not be granted when the proof has been closed, where since the plea an important witness is dead, and he cites 3 *Edwards*, 478; 5 *Hill*, 493; 10 *Paige*, 523; 12 *Wend* 290.

This motion is too late, the order of arrest in this action now in force was granted December 27th, 1869, the motion to set it aside was heard January 10, and denied, and this motion is made and heard after the report and more than twenty days after the order was granted and after the first motion was denied.    The Code of 1848, allowed the defendant to move at any time before the justification of bail to set aside the order of arrest, (*see* § 204,) this section was amended in 1858, so as to allow the defendant to move at any time before judgment to set aside the order, thus came the case of *Barker* agt. *Wheeler*, (23 *How.* 193,) where the order was served just before the entry of judgment, and the general term of the fifth district, MULLIN J., delivering the opinion, held the motion could not be made after the entry of judgment, then the legislature in 1862, amended § 183 of the Code, and by such amendment allowed

the defendant to move to vacate at any time within twenty days after the service of the order in which to move to vacate, and it stands in this way to-day. These two sections to wit, 183 and 204, can only stand together when read as follows: the defendant may have twenty days in which to move to vacate the order of arrest after the same is served, and no matter when served, the defendant has twenty days to move to vacate it, even though, served the day the judgment is entered, and in this twenty days, the defendant must move to discharge the order of arrest, and justice MULLIN in the case *Sherman* agt. *Johnson*, not reported, held, the motion must be made within twenty days from the service of the order, in other words the defendant might move to set aside the order at any time before judgment provided, it is within twenty days of the service of the order and not otherwise. (*See also*, 1 *N. Y. Pr.*, 257, *and note*.)

In conclusion the fact is, the order is fully sustained by the evidence, the judge has passed upon the conflict and this court on appeal will not disturb this finding; there is no change in the report from the complaint, only one cause of action is stated therein, and that is for money, and the question whether the referee found out side of the complaint or not, is not before the court; that must be raised by an appeal from the judgment and not here. The plaintiff has recovered and has only one cause of action stated, so it cannot be different from the one stated, besides this, the order was granted upon grounds entirely outside of the complaint, and that happened after all the pleadings were in, and is fully authorized by the Code; there is no merits in the motion; if the order is reversed, the plaintiff is cheated and defrauded out of his judgment and the court have aided him in doing just what he attempted to do and for this attempt § 179 authorizes the order in this case, to wit, disposing of his property and leaving the state with the intent to cheat and defraud his creditors.

The order is right and must be affirmed

MULLIN, J.—The complaint alleges that the plaintiff sold his interest in the co-partnership composed of himself and defendant, to the latter, for the sum of $1,811.50, which sum together with $270, for the services of plaintiff's minor son, made $2,081.50, for which the defendant was justly indebted to the plaintiff, and judgment is demanded for this sum.

The plaintiff prays an accounting of the partnership matters, but if the allegations stated, as to the dissolution and sale of his interest were true, no accounting of the partnership dealings was necessary—that part of the prayer was, therefore, unnecessary, and wholly unimportant.

The cause of action was for money, and was recoverable in an action at law.

The cause of action was one for which the defendant could not be arrested and imprisoned, on an execution after judgment, under § 179 of the Code, unless an order of arrest had been obtained.

The ground relied on for an order of arrest was, the contemplated removal of his property, with intent to defraud his creditors.

The officer who granted the order, decided that the contemplated removal with the imputed intent was established, and therefore, granted the order.

The defendant made two attempts before trial, before the referee, to vacate this order, without success, and he now applies to have it vacated on the ground that the recovery before the referee was for a different cause of action from that alleged in the complaint, and according to the case of *Smith* agt. *Knapp*, (30 *N. Y.*, 581,) such a motion may be made, and the order vacated on that ground.

The complaint in that case, contained five causes of action, upon only one of which could the defendant be arrested and imprisoned on a *ca. sa.* on the judgment.

An order of arrest was obtained I infer, on the gronud of the fraud and not by reason of any matter connected with the other causes of action.

The recovery was on one of the causes of action for which the defendant could not be imprisioned.

The result was, the plaintiff imprisoned the defendant on one cause of action, while his judgment was for an essentially different one, such an arrest was held to be illegal.

In this case, the referee finds the defendant indebted to the plaintiff for the purchase price of his interest in part of the partnership property, and for money collected from the assets of the firm after dissolution, and to one half of which plaintiff was entitled.

Technically the cause of action set out in the complaint, is not the same as that on which the referee awarded judgment, but in a more enlarged sense, they are the same. The claim was for money due and owing from the defendant to the plaintiff. If there was a debt really due, and the defendant was intending to remove his propery with intent to defraud his creditors, the same injury would be done whether the debt arose out of the one claim or the other.

It was a question for the referee to decide whether, when the plaintiff failed to prove a sale of his interest in the joint property to defendant, he would take an account and ascertain whether money was actually due the plaintiff on a settlement of the partnership account. If he has erred in that, the error must be corrected on appeal—the complaint, if it does not authorize the proof, will be amended, unless the proof is of a cause of action essentially different from that stated in the complaint.

The defendant's counsel insists that there can be no arrest where the cause of action is an equitable, as distinguished from a legal one.

However true, this may be, as to certain actions that are of equitable cognizance, yet, an action to recover money, it matters not whether the remedy is in equity or at law, the

defendant may be arrested provided the facts stated in the complaint as sworn to in the affidavit, bring the case within one of the subdivisions of § 179 of the Code.

I do not think that the cause of action for which the referee has awarded judgment, is different from that stated in the complaint, so as to bring the case within the principle of *Smith* agt. *Knapp, supra.*

The intent to remove and to defraud established by the affidavit, if carried out, would defeat the plaintiff in the recovery of an honest debt, which the referee has held to be covered by the complaint, or must be deemed to have allowed an amendment of it, so as to conform it to the proof.

It is said by the defendant's counsel, that by the finding of the referee there was no settlement of the partnership dealings and no promise to pay a balance struck, and hence, no action at law could be maintained—but if an action was commenced in equity for the recovery of money, and an accounting is required in order to arrive at the amount due, and it is established by affidavit that the defendant intends to remove his property from the state, with intent to defraud his creditors—an order of arrest may issue—the form of the action does affect the right of arrest.

The motion must, therefore, be denied, with $10 costs.

The general term *affirmed* the judgment; and as there was no written opinion delivered, it is supposed that the opinion of Judge MULLIN at special term, was adopted as the opinion of the court.