Pratt, J.
The plaintiff obtained an order upon which the defendant was arrested before trial, and no motion has been made to set that order aside.
It is therefore in full force, and the execution against the person of the defendant was regular, and warranted by the state of the case, at the time it was issued.
But although the time has passed within which a motion can be made to set aside the original order of arrest, the authorities cited by the defendant fully show that the question of defendant’s liability to arrest can still be raised by a motion to set aside the execution (Pope v. Newcomb, cited in 30 N. Y., 589; Smith v. Knapp, 30 Id., 581; Suydam v. Smith, 7 Hill, 182; Humphrey v. Brown, 17 How. Pr., 481). Were this case one where fraud in the defendant is essential to a recovery by the plaintiff, it would be otherwise, for the motion would then tend to impeach the judgment. ■
In this case, the judgment-establishes the plaintiff’s right to recover, but not-his right to arrest the defendant in execution.
The defendant now raises the question for the first time. He is in season, and upon the affidavits as they stand, he should be discharged.
But as the practice has not been entirely clear, and as it is possible that the plaintiff may have it in his power to change the appearance of the case, by further testimony, he may, if he elects to do so, have an order of reference to a referee, to take such further proofs as may be adduced by either party, to hear the affidavits already in evidence, and report the evidence to the court, with-his opinion.
Let the order be settled on notice.