GEORGE W. BASSETT AND GEORGE METCALFE, APPELLANTS, *v.* CHARLES V. L. PITTS, RESPONDENT.

*Order of arrest — cause of, must be applicable to all the claims in the complaint.*

The complaint in this action alleged the sale of goods by the plaintiffs to the defendant ; that the sale of a portion of them was procured by his fraudulent representations, and that since the contracting of the debts the defendant had disposed of his property with intent to defraud his creditors. Upon the complaint and affidavits, an order of arrest was granted, on the ground that defendant had disposed of his property with intent to defraud his creditors. *Held*, that although, if the order had been granted on account of the fraudulent representations, it could not be sustained, as the plaintiffs sought to recover for the sale of other goods not procured by them; yet as it was granted for a cause applicable to the whole claim, it was proper, and should be affirmed.

Appeal by the plaintiffs from an order of the New York Special Term, vacating an order of arrest.

The amended complaint, in this action, set out a sale of certain goods, wares and merchandise to the defendant; that the sale of a portion of them was procured through the false and fraudulent representation of the defendant, and alleged, that since the contracting of the debts the defendant has disposed of his property with intent to defraud his creditors. Upon the complaint

and affidavits, an order of arrest was granted, which was vacated at the Special Term.

*Stephen B. Brague*, for the appellants.

*Wm. Linson*, for the respondent.

Ingalls, P. J.:

The order of arrest was granted upon the ground that the defendant had disposed of his property with intent to defraud his creditors.  The plaintiffs, in the papers upon which they applied for the order of arrest, stated certain representations made by the defendant in regard to his pecuniary responsibility, which they allege were false; yet that was not the ground upon which the order was granted, as appears by the order itself.  This becomes material, in considering the ground upon which the learned judge decided the motion at Special Term, and which is relied upon by the respondent, viz.: that the plaintiffs have included in their complaint a claim for goods sold and delivered to the defendant, as to which it is not claimed by the plaintiffs that any false and fraudulent representations were made at the time of such sale and delivery; that by inserting such claim, the plaintiffs incorporated a cause of action upon which the defendant was not liable to arrest, and therefore all right to cause the arrest of the defendant upon any claim or cause of action stated in the complaint was waived.  If the order of arrest had been granted upon the ground that the defendant had made false and fraudulent representations in regard to his pecuniary responsibility, and thereby induced the plaintiffs to sell and deliver to him *a portion only* of the goods, we could adopt the views entertained by the judge at Special Term. (*Ely* v. *Steigler*, 9 Abb. [N. S.], 35; *Lambert* v. *Snow*, 17 How., 517; *Smith* v. *Knapp*, 30 N. Y., 581, 588; 2 Wait's Prac., 605; *Bowen* v. *True*, 53 N. Y., 640.)  We conclude, however, that this objection should not prevail, as the alleged fraudulent disposition of property by the defendant constituted a ground of arrest in regard to the entire cause of action alleged in the complaint. (*Toffey* v. *Williams*, 3 Hun, 217.)  The fact that the defendant was not required to give bail for the entire amount of the plain-

tiffs' cause of action should not be regarded by him as cause of complaint. He is certainly not prejudiced thereby. Section 550 of the Code of Civil Procedure provides, that in an action upon contract, the defendant may be arrested when he " has since the making of the contract, or in contemplation of making the same, removed or disposed of his property with intent to defraud his creditors," etc. Upon this ground, the order of arrest was granted, and it applied to the entire cause of action stated in the complaint. In this respect, the case which we are considering is clearly distinguishable from those to which we have above referred. In those cases a cause of action, in regard to which no arrest could be made, was joined with the cause of action as to which an arrest was allowable, and it was held that a party, by uniting such causes of action in the same complaint, waived the right to cause an arrest for any cause of action stated in such complaint. In this case, the entire cause of action is upon contract, and the ground of arrest applies to the entire claim, and not simply to a portion thereof. The opinion delivered at Special Term shows that the merits were not passed upon. The defendant presented no affidavits, and therefore the case made by the plaintiffs in their affidavits was unexplained and unshaken. The counsel for the respondent urged, upon the argument of this appeal, that the affidavits failed to establish a state of facts which justified the granting of the order of arrest, independent of the objection which we have above considered. We are convinced that sufficient is alleged to sustain the order. It is true many of the facts relied upon by the plaintiffs are stated upon information and belief; but the sources of such information are given, and the failure to produce the affidavits of the persons referred to is excused. The affidavits contain far more than mere rumor or gossip, gathered in the neighborhood where the defendant resides. They detail conversations with the defendant in the presence of his brother, to whom the transfer is alleged to have been made by the defendant; also information derived from persons who are named and shown to have possessed facilities for acquiring knowledge in regard to the defendant, and the manner he has managed and disposed of his property. The order of the Special Term must be reversed, with costs and disbursements, but with leave to the

defendant to move upon affidavit to vacate the order of arrest upon the merits.

Potter, J., concurred.

Present — Ingalls, P. J., and Potter, J.

Order reversed, with costs and disbursements, and with leave to defendant to move on affidavits to vacate order of arrest on the merits.