Bowe agt. Campbell.

---

## SUPREME COURT.

### PETER BOWE agt. DOUGLAS CAMPBELL.

*Sheriffs' fees on executions against the person — Liability of attorney for the same.*

A sheriff is not entitled to poundage fees for arresting a defendant under an execution against the person, and committing him to the jail, where the judgment has not been paid.

*Special Term, March,* 1882.

DEMURRER to complaint.

The defendant, who is an attorney and counselor-at-law, appeared and acted for Hovey & Dole, in an action in the superior court of the city of New York, against one MacDonald. A judgment was recovered in the action against

MacDonald, and the defendant, acting as the attorney for the plaintiffs in the action, issued an execution against the person of the defendant to the plaintiff in this action, as the sheriff of the county of New York, by which the sheriff was commanded to arrest the said MacDonald, and commit him to the jail until he should pay the judgment or be discharged according to law.

By virtue of the execution the sheriff arrested MacDonald and committed him to the jail of the county of New York, and this action is brought by the sheriff to recover from the defendant, the attorney, "his lawful fees" in such cases, which he alleges amount to the sum of $693. The defendant demurs to the complaint, and alleges as grounds of demurrer that the complaint does not state facts sufficient to constitute a cause of action.

*Douglas Campbell*, in person, in support of the demurrer.

*Knox & MacLean* and *Malcolm Graham*, opposed.

VAN VORST, *J.* — It is contended by the counsel for the plaintiff, that by the arrest and commitment of MacDonald, the sheriff became at once entitled to his poundage upon the execution, and that the attorney who issued the same is personally liable therefor. And in support of this contention, reference is made to the early case of *Adams* agt. *Hopkins* (5 *John*, 252), which holds that the sheriff is entitled to poundage on a *ca. sa.*, on serving the execution, and that he has a right to call on the attorney for such poundage, without resorting to the party.

The right in the sheriff to demand poundage in such case arose from the construction given by the court to the words of the statute then in force, which fixed his fees on "serving an execution." The execution was served by the taking of the body of the person against whom it was issued in execution. But that statute has been repealed, and the fees to which a

sheriff is entitled on executing process are regulated by 2 Revised Statutes, 644, and in so far as this particular subject is concerned, the language of the statute is as follows:

"For serving an attachment for the payment of money, or an execution for the collection of money   *   *   for collecting the sum of two hundred and fifty dollars or less, two cents and five mills per dollar, and for every dollar collected more than two hundred and fifty, one cent and two and half mills."

The sum, therefore, allowed to the sheriff for poundage is "for every dollar collected." Poundage in practice is the amount allowed to the sheriff or other officer for commissions on the money made by virtue of an execution (*Bouvier's Law Dictionary — subject, " Poundage "*).

It is quite clear that the sheriff has not yet collected any money, and, although he has taken and committed MacDonald, he still detains him under the execution, and he cannot discharge him on receiving anything but an actual payment of the judgment in money (*Codwise* agt. *Field*, 9 *Johns.*, 263; 4 *Cowen R.*, 553).

If the arrest and imprisonment of the defendant was the sole purpose of the action in which the judgment was obtained, and upon which the execution was issued, the claim to fees might be better supported, as that has been attained.

The object of the action was to collect money, and the execution was issued to coerce its payment. The means should not be substituted for the end. This is shown by the execution itself, for by it the officer was commanded to commit MacDonald to the jail "until he should pay the judgment, or be discharged according to law." The attorney, even, has no general authority to discharge the debtor without payment (*Simonton* agt. *Barrett*, 21 *Wend.*, 362).

It is, however, urged by the counsel for the sheriff that the imprisonment of the debtor is a satisfaction of the judgment. But such imprisonment does not work an absolute satisfaction of the judgment. Although during the imprisonment proceedings upon the judgment are suspended, it still in fact remains

unpaid.   As is stated by ANDREWS, J., in *Koenig* agt. *Steckel* (58 *N. Y.*, 476), "the judgment was not thereby absolutely extinguished, but the imprisonment barred the creditor from all other remedies for the collection of the debt while the debtor was in custody" ( *Utica Ins. Co.* agt. *Power*, 3 *Paige*, 365).

Even in regard to a levy on personal property to an amount equal to the judgment, which was supposed to amount to a satisfaction of the judgment, BRONSON, J., in *The People* agt. *Hopson* (1 *Denio*, 574), says : If the broad ground has not been taken, it is time that it should be asserted, that a mere levy on personal property, without anything more, never amounts to a satisfaction of a judgment.   So long as the property remains in legal custody, the other remedies of the creditor will be suspended."   But a mere levy would not justify the sheriff in at once demanding, from the party or his attorney, poundage on the execution.   That must be collected with the debt.   As the sheriff has not as yet collected a single dollar, I do not see how he can, under the statute, reasonably demand poundage.   When he has fully met all the exigencies of the execution, it will be time enough to determine the defendant's liability.

If MacDonald has means, and can command them, he will probably pay the judgment, and so end his imprisonment.   If he has no property, he will probably take steps for his legal discharge, and when discharged the sheriff will have no further duty in the premises, in so far as MacDonald is concerned.   In the case of *Adams* agt. *Hopkins* (*supra*), the judgment debtor was detained in custody until discharged under the act for the relief of debtors, and after that the question as to the sheriff's fees arose.

The case of *Ryle* agt. *Falk* (24 *Hun*, 255), cited by the plaintiff's counsel, does not support his present claim, but, I apprehend, is against it.   DAVIS, P. J., in that case, says : "It seems to be well settled in this state that upon the arrest under a body execution the judgment is satisfied so long as

Bowe agt. Campbell.

the defendant continues in custody under arrest; and the sheriff is entitled to his poundage on the execution whenever the defendant is discharged by the payment of the judgment or under the act for the relief of debtors, or by the consent of plaintiff ; " and again, " an absolute discharge of the defendant by satisfaction of the judgment, or by an unqualified direction of the plaintiff, would, undoubtedly, leave the plaintiff liable to the sheriff for his poundage upon the execution."

But it is urged, on the sheriff's behalf, that the whole risk of the safe custody of MacDonald rests upon him, and that, should the debtor escape, he would be liable for the amount of the judgment. That liability affords no just grounds for the interposition of the present claim for poundage. The liability of the sheriff in such case would rest upon his neglect of duty ; and whatever damages the plaintiff, in the execution, may sustain on account of such negligence he would be entitled to recover. But should it appear in such an action that the imprisoned debtor has no means, and was insolvent, the recovery would be nominal only. The recovery against the sheriff would be limited to what the plaintiff had actually lost (*Smith* agt. *Knapp*, 30 *N. Y.*, 581, 592 ; *Russel* agt. *Turner*, 7 *Johns. R.*, 188).

In this view it is difficult to discover any valid reason for giving such a construction to the statute as will entitle the sheriff to poundage as though he had collected the amount for which the judgment was recovered, when it may turn out in the end that the defendant is insolvent or unable to pay. But I regard the subsequent clauses of the statute as fatal to the claim against the attorney, as the facts appear at present, for the statute further provides :

" That the fees here allowed for the service of an execution * * * shall be collected by virtue of such execution in the same manner as the sum therein directed to be paid."

That clearly means from the defendants in the execution. And, further, in treating of the fees of the sheriff in respect to such services, and in the same direction, it is provided that

he may receive "for any person committed to prison, and every person discharged from prison, in civil cases, twenty-five cents for receiving and twenty-five cents for discharging, to be paid by the plaintiff in the process."

It would be improper, and it is wholly unnecessary, to discuss the question of the liability of an attorney for the fees of the sheriff on process which he has issued when the fees have been earned. *Adams* agt. *Hopkins* disposes of that subject upon the facts and under the statutes then existing; and although the principle of that case was made a subject of comment in *Campbell* agt. *Cothran* (56 *N. Y.*, 279), yet it was recognized as the law of this state. But it does not cover the present case, and from a consideration of the complaint in this action I cannot find that, under the statutes or under any case which has been cited by the learned counsel for the plaintiff, it states facts sufficient to justify any recovery against the defendant in this action, and there must be judgment for the defendant on the demurrer, with costs.