## CORMIER *v.* CONSTANTINE.

*(City Court of New York, Special Term.* April 2, 1889.)

JUDGMENT—ASSIGNMENT—SET-OFF.

A judgment by default in favor of J. against defendant for $245 was assigned to plaintiff in consideration of $1. The default was opened, and plaintiff afterwards recovered a judgment against defendant for $407, which he reassigned to J. After the default was opened, and before the recovery of the judgment by plaintiff, defendant became the assignee of a judgment against plaintiff. *Held*, that defendant, having purchased the judgment against plaintiff in the belief that plaintiff owned the judgment against him for $407, was entitled to set off his judgment against plaintiff, and his right was not affected by the fact that J. assigned the judgment to plaintiff only for collection.

The action was originally commenced by William M. Johnson and others, composing the firm of Johnson Bros., who obtained judgment by default against the defendant November 10, 1882, for $245.22. On December 28, 1887, the judgment was assigned to Richard Baer, for the nominal consideration of $1. On March 8, 1888, the default was opened, and the defendant allowed to come in and defend. On October 23, 1888, Baer assigned the judgment to Francis C. Cormier, the present plaintiff, for the nominal consideration of $1. On November 17, 1888, an order was made, continuing the action in the name of Cormier as plaintiff. On December 14, 1888, Cormier, as plaintiff, recovered a judgment against the defendant for $407.98, which was affirmed on appeal March 28, 1889, with costs. On December 13, 1888, the defendant became assignee of a judgment against the plaintiff for $142.52. On December 15, 1888, an order was made for the examination of the plaintiff as judgment debtor on said last-mentioned judgment, with an injunction restraining him from making any disposition of his property, which order was served December 17, 1888. The present motion is to set off the judgment held by the defendant against that recovered by the plaintiff. The objection to the motion is in the form of an affidavit, setting forth that the judgment and claim were assigned to Baer, and by Baer to Cormier, the plaintiff, for a mere nominal consideration, and only for collection; and that when Cormier recovered the judgment, on December 15, 1888, he assigned it back to Johnson Bros., to whom the claim originally belonged.

*J. D. Quincy,* for the motion. *H. A. Sperry,* opposed.

McADAM, C. J. Johnson Bros. allowed Cormier to appear as the absolute owner of the judgment, and their counsel had him substituted as plaintiff of record, the effect of which was that if the defendant succeeded Cormier would have become the judgment debtor, and Johnson Bros. would have nothing to pay. When the judgment was recovered by Cormier it seems to have been assigned back to Johnson Bros., so that, if there is any money to collect, they are to get it. Under such circumstances neither the plaintiff nor Johnson Bros. are entitled to anything more than their strict legal rights. The defendant held the judgment against Cormier (the plaintiff) prior to and at the time Cormier transferred the judgment against the defendant to Johnson Bros., so that the latter took their assignment subject to all equities. *Chamberlin* v. *Day*, 3 Cow. 353; *Insurance Co.* v. *Power*, 3 Paige, 365; *Graves* v. *Woodbury*, 4 Hill, 559; *Diossy* v. *Heubener*, 1 City Ct. R. 13. The equities are all with the defendant. He purchased the judgment against the plaintiff, relying on the fact that the plaintiff owned the judgment against the defendant. He was led into this belief by the conduct of Johnson Bros. It will not do to hold that parties can assign judgments or demands by experimental transfers, so that the demand belongs to a stranger when it is beneficial to them to have it so, and have it cease to belong to the stranger when it is safer

to have it held by them. This "now you see it and now you don't" will not do in a court of justice. It follows that the motion to set off judgments must be granted, with $10 costs.